UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KAYLA HEIDELBERG, Administrator of the Estate of CLEVE HEIDELBERG, JR., <br><br> Plaintiff, <br><br> v. <br><br> EMANUEL MANIAS; LARRY BERNARD; HOLLI BAIN as the Independent Executor of the Estate of PAUL HIBSER; DAVID WENTWORTH II as the Independent Administrator of the Estates of KENNETH DECREMER, PAUL HILST, NOLAN MACKLIN, WILLIAM SCHALK, WILLARD KOEPPEL, and JOHN SACK; ROBERT WATSON JR. as the Independent Administrator of the Estate of ROBERT LEE WATSON; UNKNOWN OFFICERS OF THE PEORIA POLICE DEPARTMENT and THE PEORIA COUNTY SHERIFF'S OFFICE; the CITY OF PEORIA, ILLINOIS; and the COUNTY OF PEORIA, ILLINOIS, <br><br> Defendants. | Case No. 1:18-cv-01161-SLD-JEH |

ORDER

Before the Court is Defendants' Motion for Bill of Costs, ECF No. 229, filed by Emanuel Manias; Larry Bernard; Holli Bain as the Independent Executor of the Estate of Paul Hibser; David Wentworth II as the Independent Administrator of the Estates of Kenneth DeCremer, Paul Hilst, Nolan Macklin, William Schalk, Willard Koeppel, and John Sack; Robert Watson Jr. as the Independent Administrator of the Estate of Robert Lee Watson; the City of Peoria; the County of Peoria; and Ronald Hamm.[1]  For the following reasons, the motion is DENIED.

---

[1] Per the Court's March 27, 2024 Text Order, Ronald Hamm was terminated as a defendant and all claims against him were dismissed with prejudice.

## BACKGROUND

On March 27, 2024, the Court granted Defendants' motions for summary judgment. Mar. 27, 2024 Order, ECF No. 220. Defendants now move for $30,212.97 in costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Civil Local Rule 54.1. Plaintiff asks the Court to disallow the costs sought by Defendants on the grounds that Cleve Heidelberg, Jr.'s Estate is indigent. *See generally* Pl.'s Resp. Defs.' Mot. Bill Costs, ECF No. 230.

## DISCUSSION

### I.  Legal Standard

Rule 54(d) provides "a strong presumption that the prevailing party will recover costs." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). A district court has broad, but not unfettered, discretion in determining and awarding reasonable costs. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). "Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

### II.  Analysis

Defendants request a total of $30,212.97 for costs incurred for transcripts, printing, and witnesses. *See generally* Form AO 133: Bill of Costs, Defs.' Mot. Bill Costs Ex. 1, ECF No. 229-1. Plaintiff does not object to any specific expenses but argues that the bill of costs should be disallowed in its entirety because Heidelberg's Estate is indigent and unable to pay any costs now or in the future. *See generally* Pl.'s Resp. Defs.' Mot. Bill Costs. Plaintiff provides a Final Accounting, signed by Plaintiff under penalty of perjury, showing that Heidelberg's Estate has

$0.00 in Total Assets.  *See generally* Final Accounting, Pl.'s Resp. Defs.' Mot. Bill Costs Am. Ex. A, ECF No. 231 at 2–3.  Defendants did not seek leave to file a reply to Plaintiff's response.

The Court presumes that a prevailing party is entitled to recover costs as a routine matter but has the discretion to deny or reduce costs where justified.  *Hall v. Flannery*, No. 13-CV-914-SMY-DGW, 2016 WL 4239240, at *1 (S.D. Ill. Apr. 15, 2016).  The presumption in favor of awarding costs "is difficult to overcome" and the court must "state[] good reasons" if it decides to deny them.  *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (quotation marks omitted).  In so deciding, a court has discretion to consider a plaintiff's indigency, but "indigence does not automatically excuse the losing party from paying the prevailing party's costs."  *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006).  The indigence exception is a "narrow one," *id.* at 636, and requires the court to undertake a two-step analysis, *Arrington v. City of Chicago*, No. 17 C 4839, 2023 WL 4744950, at *1 (N.D. Ill. July 25, 2023).

First, a plaintiff asserting indigency must provide sufficient documentation for the court to make a threshold finding that he is unable to pay court-imposed costs now or in the future.  *Richardson*, 926 F.3d at 893.  "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses" which will ensure that the court has "clear proof of the non-prevailing party's dire financial circumstances."  *Rivera*, 469 F.3d at 635.  Second, the "court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case.  No one factor is determinative. . . ."  *Id.*

At the first step, Plaintiff asserts that the only asset in Heidelberg's Estate is the instant suit and does not indicate that the Estate has any judgments in its favor on which it expects to collect nor any other sources of forthcoming income.  *See generally* Pl.'s Resp. Defs.' Mot. Bill

Costs. Plaintiff provides the Final Accounting and the unfavorable judgment dismissing this case with prejudice as documentary evidence. *See generally* Am. Ex. A. Courts have found an estate to be indigent and unable to pay present or future costs upon a showing that the estate's only asset was the unsuccessful lawsuit and the estate had no favorable judgments it expected to collect. *See, e.g.*, *Est. of Gomes v. County of Lake*, No. 12 C 04439, 2016 WL 11943353, at *2 (N.D. Ill. June 29, 2016). The documentation presented here constitutes "clear proof" of Plaintiff's "dire financial circumstances." *Rivera*, 469 F.3d at 635. Therefore, the Court finds that Plaintiff is indigent and has no ability to pay costs now or in the future.

At the second step, the Court finds that the amount of costs, the closeness and complexity of the issues, and the good faith of Plaintiff in bringing this suit support a denial of costs. The amount of costs, $30,212.97, is tremendous when compared to the value of Heidelberg's Estate, $0.00. *See Arrington*, 2023 WL 4744950, at *3 (denying costs after finding that the "defendants' bill of costs is extraordinarily high, and astronomical in comparison to [the] plaintiffs' financial conditions" (capitalization altered)). Additionally, the Court's decision in this case, which is still ongoing after more than six years, was certainly a close call. The extensive briefing raised difficult questions and the factual record spanned over fifty years. *See Rakes v. Roederer*, No. 4:21-cv-00114-JMS-KMB, 2023 WL 4029017, at *4 (S.D. Ind. June 15, 2023) (denying costs in part because the "case raised difficult issues and the defendants' motion for summary judgment was by no means a slam dunk" (capitalization altered)). Furthermore, this lawsuit was brought in good faith after Heidelberg's conviction was overturned based on new evidence. Pl.'s Resp. Defs.' Mot. Bill Costs 2; *see also* Mar. 27, 2024 Order 11 ("The court found [new evidence] sufficiently compelling to undermine confidence in Heidelberg's conviction. On April 20, 2017, Heidelberg's conviction was vacated, and he was released from prison on May 22, 2017.").

Heidelberg spent forty-seven years in prison and throughout his criminal trial, civil litigation, and post-conviction proceedings, he encountered numerous obstacles in obtaining and retaining critical discovery documents to defend himself. Pl.'s Resp. Defs.' Mot. Bill Costs 2–3. Certain evidence which was in Defendants' possession was not provided to Heidelberg until 2016—almost five decades after Heidelberg was arrested and incarcerated "for a crime he did not commit." *Id.* at 2; *see also* Mar. 27, 2024 Order 39 (describing how Heidelberg never received a recording of the police dispatch call from the night he was arrested in 1970 until, nearly 50 years later, the recording was discovered in the bottom drawer of a locked cabinet). Though Plaintiff did not prevail at summary judgment, this case required a close analysis by the Court and was in no way frivolous. *See Rakes*, 2023 WL 4029017, at *4.

The Court therefore finds that Plaintiff has met the burden of showing that this case falls within the narrow indigence exception. Plaintiff is plainly incapable of paying any costs now or in the future and it would be neither fair nor feasible to award costs under these circumstances.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Bill of Costs, ECF No. 229, filed by Emanuel Manias; Larry Bernard; Holli Bain as the Independent Executor of the Estate of Paul Hibser; David Wentworth II as the Independent Administrator of the Estates of Kenneth DeCremer, Paul Hilst, Nolan Macklin, William Schalk, Willard Koeppel, and John Sack; Robert Watson Jr. as the Independent Administrator of the Estate of Robert Lee Watson; the City of Peoria; the County of Peoria; and Ronald Hamm is DENIED.

Entered this 25th day of November, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
